UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BLANCHARD,<br><br>Defendant. | Case No. CR08-5125 BHS<br><br>DETENTION ORDER |

THIS COURT conducted a detention hearing on April 8, 2008 pursuant to 18 U.S.C. §3142. The United States of America was represented by Doug Hill. The defendant was present and represented by his attorney, Jesse Cantor. Also present was Raul Salazar, U.S. Pretrial Services Officer.

Based on the factual findings and statement of reasons for detention hereafter set forth, this Court finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and safety of any other person and the community. This finding is based on (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including those set forth in 18 U.S.C. §3142(g)(3)(A)(B); and (4) the nature and seriousness of the danger release would impose to any person or the community.

The parties proceeded at the hearing by way of proffer, testimony of Cheryl Boling, on behalf of the Defendant, and argument. The court considered the following written documents: U.S. Pretrial Services

Detention Order
Page - 1

1  Report, Motion for Detention and the First Superseding Indictment.

2  The Government filed a Motion for Detention invoking the rebuttable presumption of detention
3  against defendant under 18 U.S.C. §3142(e) based on probable cause to believe defendant committed a
4  10+ year drug offense. The rebuttable presumption applies both to dangerousness and risk of flight under
5  18 U.S.C. §3142(e).

## FINDINGS OF FACT AND STATEMENT OF REASONS

7  The defendant is charged in a first Superceding Indictment with Conspiracy to Distribute
8  Methamphetamine in Count I and Conspiracy to Engage in Money Laundering in Count II. It is alleged
9  that the offense in Count I involved 500 grams or more of a mixture or substance containing
10 methamphetamine. If convicted of the charge in Count I , there is a mandatory minimum sentence of ten
11 years with a maximum sentence of life.

12 The Plaintiff asserted at the Detention Hearing, by proffer, that this Defendant was the main
13 Defendant involved in the money laundering charge and this was accomplished through the use of his used
14 car business. The agents found one account of the Defendant's through which $500,000 has passed over
15 the last year. The Plaintiff also alleged that the defendant was directly involved in the dealing of
16 methamphetamine in that agents monitored three deliveries of one pound or more of methamphetamine to
17 the defendant's residence as well as two pick-ups of money, related to the conspiracy charged in Count I.
18 Search warrants were executed on the Defendant's home and business. As a result of the search warrants,
19 the agents seized a small amount of drugs as well as several guns found at both locations.

20 Mr. Blanchard has significant ties with the Western District of Washington. He was born in
21 Aberdeen, Washington and is a lifetime resident of the State of Washington. He has family members living
22 close to him to include his mother, the mother of his children (Cheryl Boling) as well as his two children.
23 Mr. Blanchard had a significant number of friends present in court on his behalf during the Detention
24 Hearing. Mr. Blanchard also owns his home as well as his business, Blanchard Enterprises, which is a
25 used car business. The government asserts, however, that this business was used to facilitate laundering of
26 money received as a result of the distribution of methamphetamine, charged in Count I.    Mr. Blanchard
27 has no known felony criminal history.

28 The Court finds that the Defendant presented sufficient information to the Court to rebut the

presumption as it relates to the issue of flight, although that is a close issue in light of the mandatory minimum sentence the defendant faces should he be convicted of the charges.

However, the Court also finds that the information was insufficient to rebut the presumption of detention as it relates to the issue of dangerousness/safety of the community.  The defendant was significantly involved in both of the charged conspiracies.  His business was utilized for the purpose of laundering large sums of money. Agents observed delivery to the defendant of at least three pounds of methamphetamine and two pick-ups of money.  Thus this defendant was significantly involved in the methamphetamine conspiracy, not peripherally involved, and his involvement included access to large sums of money.  This defendant is the type of defendant for which Congress made the rebuttable presumption.  Even if the information provided by the Defendant were sufficient to rebut the presumption as it relates to the issue of dangerousness/safety of the community, the presumption must still be considered by the Court and the undersigned would reach the same conclusion that detention is required.

For purposes of this hearing this court finds that this community and its members are at serious risk and danger with regard to the defendant's actions in the charged conspiracy of distribution of methamphetamine as well as money laundering.

**ORDER OF DETENTION**

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant shall be afforded reasonable opportunity for private consultation with counsel.

The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 8th day of April 2008.

Karen L. Strombom
United States Magistrate Judge

Detention Order
Page - 4