UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>HERMINIO BARRAGAN MENDOZA; FERNANDO BARRAGAN ZEPEDA; JOSE BARRAGAN ZEPEDA; ALEJANDRO CALDERON FRANCO; VERONICA PARDO MARTINEZ; LUIS ALVAREZ PONCE; EPIFANIO BARRAGAN ESTRADA; AMADOR HEREDIA MENDOZA; ROBERT BLANCHARD; ADRIAN PEREZ GARCIA; SALVADOR PARDO MARTINEZ; ULISES BARRAGAN MENDOZA; ROBERTO BARRAGAN MENDOZA; TAMMY JEROME; DENNIS STENGEL; FRANCISCO MANUEL RUIZ CHAVEZ; OMAR CARDOZO; MARTIN CHACON MARTINEZ; SAMANTHA MASON,<br><br>                    Defendants. | CASE NO. CR08-5125BHS<br><br>ORDER DENYING DEFENDANT ROBERT BLANCHARD'S MOTION TO REVIEW AND REVOKE ORDER OF DETENTION |

## I. MOTION

This matter comes before the Court upon Defendant Robert Blanchard's Motion to Review and Revoke Order of Detention (Dkt. 223). The Court has reviewed the motion and the Government's response and the transcript of proceedings of the detention hearing before Magistrate Judge Karen L. Strombom dated April 8, 2008. The motion is denied for the reasons stated herein.

ORDER - 1

## II. PROCEDURAL HISTORY

Defendant was charged on March 20, 2008, in a First Superseding Indictment with one count of Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count 1); and Conspiracy to Engage in Money Laundering in violation of 18 U.S.C.§ 1956 (Count 3).  Defendant was subsequently charged with an additional Count 8 in the Second Superceding Indictment, but it was not pending at the time of the detention hearing which was held on April 8, 2008.  Judge Strombom, after hearing testimony and argument of counsel, ordered Defendant detained.

## III.  DISCUSSION

Factual findings of a detention order are reviewed by this Court under a clearly erroneous standard. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Conclusions based on such factual findings present a mixed question of fact and law that is reviewed by this Court *de novo*. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

Because each of the charged offenses in this case carry prescribed punishment of more than ten years imprisonment, the law presumes detention of a charged defendant pending trial.  The Bail Reform Act provides in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . or . . . an offense under section 924(c) . . . of title 18, United States Code . . . .

18 U.S.C. 3142(e).

The magistrate judge properly applied the presumption for detention in this case and found that although Defendant had presented sufficient evidence to rebut the presumption as to being a flight risk (which was conceded by the Government), Defendant failed to rebut the presumption as to being a danger to the community.  This finding was supported by the Government's proffer that over $500,000 was passed

ORDER - 2

through Defendant's business that was related to alleged drug trafficking activities. The court found that the allegations show a "significant involvement, alleged involvement, with regard to the distribution of methamphetamine and allocation of funds that were received, allegedly received, with regard to this conspiracy to distribute methamphetamine." Dkt. 135 at 15.

At the hearing, Defendant offered insufficient information to rebut the statutory presumption. Moreover, under the *de novo* standard of review, the Government's proffered information regarding the magnitude of the alleged illegal drug distribution conspiracy, Defendant's alleged possession of several weapons at both his business and residence, and the large amount of alleged money laundering warrants the detention of Defendant pending trial in order to reasonably assure the safety of other persons and the community.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant Robert Blanchard's Motion to Review and Revoke Order of Detention (Dkt. 223) is **DENIED**.

DATED this 6th day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge